In the Matter of STEPHEN N. STRAUSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 1, 1988

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*Gramer & Melbardis (W. Alexander Melbardis* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on March 23, 1959.

In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm in full the findings of the Special Referee which sustained the three charges of misconduct. The respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee.

There are three charges of professional misconduct all involving the same husband and wife clients of the respondent. Charge one alleged that respondent neglected his clients' matter when he failed to comply with a demand for a bill of particulars; failed to submit any papers in opposition to the defendants' motion for an order of preclusion; still failed to serve a bill of particulars upon the defendants after the preclusion order was granted "unless plaintiffs serve a bill of particulars", failed to submit any papers in opposition to defendants' motion for an order granting summary judgment; and failed thereafter to take any steps to vacate the judgment dismissing the plaintiffs' action.

Charge two alleged that the respondent failed to notify his clients that the action commenced on their behalf had been dismissed as a result of his failure to act, and of the possible claim that they may have against him for damages.

Charge three alleged that respondent made false statements to his clients regarding the status of their legal matter.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the aforementioned misconduct. The petitioner's motion to confirm the Referee's report is granted and the respondent's cross motion is granted to the extent that it seeks to confirm certain provisions of the report and is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that the respondent cooperated throughout these proceedings, has admitted his misconduct, and has compensated his clients for their loss. We also note, however, that the respondent was admonished on two prior occasions by the Grievance Commit-

tee and cautioned on two prior occasions by the Grievance Committee for similar misconduct. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year commencing February 16, 1988, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and LAWRENCE, JJ., concur.